OPINION OF THE COURT
Per Curiam.
Order, dated September 27, 2012, reversed, without costs, and tenant’s motion denied. Execution of the warrant shall be stayed for 30 days from service of a copy of this order with notice of entry. Appeal from orders dated December 19, 2012, and November 20, 2012, dismissed, without costs, as academic.
In the circumstances here present, where this nonpayment summary proceeding was tried to completion and a possessory judgment for over $7,100 was awarded to landlord in mid-July 2012, Civil Court abused its discretion in conditionally granting tenant’s September 18, 2012 application to stay execution of the warrant while tenant’s application for Department of Social Services rental assistance was being processed. Considering the prolonged delay and the absence from the record of a firm agency commitment of funds at the time of tenant’s September 18 application, his second posttrial application for relief, “good cause” sufficient to vacate the warrant was not shown (RPAPL 749 [3]; see also 747-a). The fortuity that tenant’s agency application was ultimately approved — a circumstance reflected in his two subsequent posttrial applications, filed, respectively, three and five months after the trial verdict — does not change the outcome. In this regard, we note that the entry of a final judgment in favor of the landlord upon the trial of a nonpayment summary proceeding should not serve as a gateway to further litigation centering on a tenant’s ability to satisfy the judgment amount.
Hunter, Jr., J.E, Schoenfeld and Shulman, JJ. concur.